Good morning. You can state your name for the record and begin. May it please the Court, my name is Raina Tanner, counsel on behalf of Petitioner Americo Passano. At this time I'd like to reserve two minutes' rebuttal. Then go ahead. Americo has been a lawful permanent resident of the United States for 40 years. His due process rights were ignored by the immigration judge. There are two points Petitioner would like to make to the Court today. First, denying Americo a continuance to review late-filed conviction documents violated his right to due process. And second, the immigration judge's failure to advise Americo of his right to due pre-hearing voluntary departure prior to the conclusion of proceedings also violated his right to due process. I have a question about the facts, not what the record is, but about the facts. Was he actually convicted of the two 1991 charges? The administrative record indicates that he was. No, no, I didn't ask what the record was. I'm asking what the facts are. Was he in fact convicted of those two crimes? He admitted to being convicted of two offenses in 1991. However, those offenses are unknown. We do not know under what section of the contract. I'm asking what the facts are. I assume you've investigated your client's history. And really, I guess what I'm coming down to is if he was in fact convicted of those two 1991 charges, then he's not eligible for voluntary departure, is he? Your Honor, the Immigration and Nationality Act that governs pre-hearing voluntary departure states only that you are eligible for pre-hearing voluntary departure as long as you're not the alien is not deportable under 237A283, which is the aggravated felony provision, or 237A4, which is the terrorist-related offense. Americo is not he is not deportable as an aggravated felon. Even if he was convicted of the two drug offenses in 1991? No, Your Honor. He is no longer deportable as an aggravated felon. He was granted relief under the Immigration and Nationality Act, Section 212C or 1182C of the U.S. Code. But 212 doesn't get it gives him relief at that time, but there's case law that indicates it doesn't get rid of it doesn't get rid of the conviction. It's not like it wipes it out. No, it does not, absolutely. But what it does do is it no longer renders him deportable. For example, if he remained deportable for those 1991 convictions, at any time, at any time the Immigration Service could have arrested him and deported him. The fact was he was not deportable any longer for those convictions. They gave him a wave-off back then. Yes. But then when he got the new charge, the wave-off doesn't go back as to those two again. You start all over again, correct? Yes. The charge in this case in the notice to appear indicates that his deportability was based on 237A2B for the 2004 conviction only. That is the basis of deportability. That is the charge on the notice to appear. Well, but he doesn't the wave-off doesn't continue on when he comes back before the court again. No, and there is no waiver of those offenses. However, he is no longer deportable for those offenses. He is deportable. I guess the way I understand it, you know, I guess what we're all sort of getting at is how does he ever prevail at the end of the day, but also, too, as I understand your argument, first you say, okay, he got a 212 waiver back some time ago, and that's not disputed, correct? Correct. All right. And then the IJ looks at why he got a 212 waiver, pulls it up on a record, a court record, also introduces it into evidence. It's a computer record that not anyone can access, that the IJ can look, they have that before it, and against those two convictions, I think there's an S, which means sustained, and so and then he gets the 212 waiver. So I'm looking at this record, and I'm finding it hard, it seems undisputed that the reason that he got the 212 waiver was for those two convictions which were sustained at the time, and now then you argue that the court shouldn't have been able to get those into evidence, correct? Because then you have to move to the next level, that if that's true, that then they shouldn't come into evidence, and then if you lose on those, then you say, well, the fact that he got the waive off back then means that he's not deportable, and therefore he's entitled to voluntary departure. There's a lot of everyone that, but, you know, I'm just, you know, how do I look at that record any different than, you know, what does that record mean, that they entered into evidence? How does your client get around that? Well, Your Honor, yes, it is true. He was charged with removability under the old section, 241A23, which is also the old aggravated felony section, and he did receive a 212C waiver. What those convictions mean. What do those S's mean? Sustained. Yes, Your Honor. He was, those charges were sustained, and he was then given a waiver, at which point he was given a second chance to remain here. Again, no longer deportable for those convictions. Then in 2004, he had a conviction, which is not noted to be an aggravated felony by the government, withdrew the aggravated felony charge. It was only a 237A2B controlled substance offense basis of deportation. What Petitioner would like to see is the immigration judge needs to advise, the immigration judge failed to advise him of his right to pre-hearing voluntary departure. The immigration judge did this after he was convicted. But if he was convicted, if those records come in and he was convicted of both of those, was he eligible? It depends on what those convictions are for. Is he eligible? We have the record. If that record, if I were to find that that record was admissible in the form that it came in, and we've talked about what it means, how would he be eligible for voluntary departure? Well, the 1991 convictions, even if they came in, even if they came in, would have only been. Both of them come in. If that record comes in, how is he eligible for voluntary departure? If that record comes in and both are considered aggravated felonies by the immigration judge on, say, a remand from this court, then at that point, he still remains eligible for pre-hearing voluntary departure. He is not deportable as an aggravated felon. The aggravated felony charge in the 2004 MTA was withdrawn. He is not deportable. Yes. I'm sorry. Counsel, I have a question for you, please. I have a question for you, please. My understanding, and so correct me if I'm wrong, but it's that at least one court has rejected the argument you're making, that the Third Circuit, I thought, had waived for Section 212 purposes, that subsequently, in a subsequent removal based on another charge, that the conviction that had been waived earlier could still be considered for purposes of making someone ineligible for cancellation. Yes, Your Honor. You're exactly right. And the Immigration and Nationality Act, Section 240A states that if you have been granted a 212C waiver, you are no longer eligible for cancellation of removal. In the section that we're referring to today, Congress was not silent. It was not ambiguous either. What it states was, unless you are deportable as an aggravated felon, he is not deportable as an aggravated felon. He is deportable today as a controlled substance violator. That is different than as an aggravated felon. He is also not deportable as a terrorist or security-related offense. Specifically provided for in the Immigration and Nationality Act. Is the issue whether he's eligible for voluntary departure? It gets back in front of the I.J. The I.J. is supposed to tell him that he's eligible for voluntary departure if he is eligible. Yes. Is he eligible? Yes, Your Honor. He is eligible for premarital. In spite of the 1991 convictions? Yes, Your Honor. The Immigration and Nationality Act specifically states he is eligible unless deportable under 237A2A3. In this case, he is only deportable under 237A2B of the Immigration and Nationality Act. Unless, Judge Gould, did you have another question? All right. Was your question answered? All right. You might want to reserve the balance of your time then. Yes, Your Honor. Thank you. Thank you very much. Good morning. Good morning. May it please the Court, for the record, my name is Gladys Stephens-Guzman for the United States. Well, I think we focused you where, you know, so if you could respond, I think you've, the Court has expressed its concerns. Of course, Your Honor. The government has. I'd like to know if any, if any circuit court has addressed the precise issue that we have. Well, I believe this particular circuit did address it in Molina Amezcua, although for moral turpitude, previous convictions did state that a private waiver of deportation, although it gives the alien a chance to stay in the United States despite his misdeed, does certainly not expunge his record and his conviction. In particular, this Court stated the blemish remains on his record to be considered if and when the alien again gives the Attorney General cause to examine his deportability, which goes directly to your concern here today, Your Honor. But the language here, the language here on the ineligibility issue, if I understand the, the appellant's argument is a little different. It's, is he deportable as an aggravated felon? And so they're arguing he's no longer deportable as an aggravated felon because of the prior waiver on the aggravated felony issue. Yes, I understand that is precisely their argument. First and foremost, they did not raise this argument at the agency level. Therefore, it, they would be, they didn't reserve their right to appeal it. But even if we were, if we were to address the issue, petitioners basically asking us to, to look over this circuit's and the third circuit's precedents, the board's precedent, as well as a whole body of the INA statute. Of course, he's removable under the aggravated felony provisions. It is within the, it is precisely within the INA that it, it considers such possibility, thereby giving the Attorney General, through its agency, the discretion to look at his past, previous criminal record in order to determine whether he might be willing to grant this felon the right to stay in this country or not. If this case were to go back, would, for any reason, would, Mr. Pisano be eligible for voluntary departure? No, he wouldn't. Even if we were to take away the two previous aggravated convictions, Your Honor, he would not be eligible because an immigration judge is entitled to grant the relief of voluntary departure only under limited circumstances, circumstances and in following strict following of certain requirements, which are for the petitioner, the petitioner here, the, the alien to admit to all factual allegations, which in this case he did not because the alien denied both that he was convicted for a controlled substance violation and that he was serving the 15-month sentence, which he was serving at the moment he denied that he was serving it. It requires for him to not request any other forms of relief. And as the record reflects, he did request a whole myriad of reliefs available to him. And he is to waive all appeal rights, which, of course, he didn't. Otherwise, we would not be here today. So in any case, even if we were to take away the two aggravated felony convictions, Mr. Pisano is still removable. It still does not qualify for voluntary departure for the discretionary relief of voluntary departure, which he requests here today. Moreover, even if we Isn't the question before us whether the I.J.'s admitted failure to inform him of his rights prejudiced him? Isn't that the question we have? Yes, of course. That's one of the questions that's posed before you today. But let us Agree that the I.J. did not inform the petitioner of his rights? Well, the government's position is that the I.J. was under no duty to inform him because from the record, it stemmed that he was not eligible for voluntary departure given his previous convictions. Okay. Well, that's not the question. That's why you say the I.J. didn't have to. But I think Judge Nelson's question was, did the I.J. inform him? No. The fact of the matter is that he did not because the petitioner requested it. The petitioner did request it, thereby showing that he knew the remedy was available, thereby not precluding but relieving the I.J. from the duty to inform him. Or he was not prejudiced. And he was not prejudiced because at the end of the day he The question is, was he not prejudiced because he was convicted twice in 1991? Is that the reason that he was not prejudiced? He's not prejudiced, one, because he was convicted back in 91, two, because he was convicted for felonies presently. Third, because he did not comply with any of the requisites for voluntary departure. And fourth, because he presented knowledge of the availability of the remedy when he himself requested it. Well, if we were to do what the petitioner asked and remand this essentially so the I.J. could inform him of his rights, would the United States be prepared to prove the 91 convictions at that time? Of course. Because it wasn't, as I see it, that's the real question, was it proven here? And it came up in such a form the government didn't have copies of the conviction documents available for the I.J. The petitioner never requested them nor objected at the I.J. level when the I.J. said he was not going to request those documents to be produced or continue the case. At that point he could have objected it and he could have brought it up at the board and he didn't, therefore he. It seemed irrelevant because at that time it was clear he had not complied with the other provisions of the regulation. Of course. But the question was what would have happened had the I.J. informed him of his rights? Maybe he could have waived all those things and been eligible for voluntary departure at that time. We believe he would not have been eligible precisely because of all of his convictions, all of his previous convictions, both the 91, two aggravated felony convictions and the 01 and the 04 convictions. Because they weren't really shown, perhaps. That's the argument. Were they really shown before the I.J.? And the I.J. dodged it by saying, well, I'm not going to get into that because you're not eligible anyway, he says to the alien. True. And that's the point. If he had informed the alien of his rights, would the alien have gotten rid of the other things that kept him from being eligible? Well, Your Honor, that's a possibility. But the government's position is still that even if the petitioner were given the opportunity to rebut those convictions, which of course he could not have, he would still remain ineligible for pre-conclusion of hearing voluntary departure. What's your position on the admissibility of the records that the I.J. used? Well, it's a court-produced document. Therefore, the government has no objections to them being included as part of the record. No, I mean, I guess they're saying they can't be admitted. Are you saying they can be because the court can take judicial notice of its own documents? Of course. All right. That's just a court-generated computer printout. What makes that an official document? Well, right now, the fact that it wasn't objected to at any given point. The fact that it's the court itself taking notice of its own actions. Were there any additional questions from any of the panel members? I don't have any. No, I don't have any. If you don't have anything further, we don't have any further questions. Thank you. Thank you. Your Honors, if the government believes he's deportable as an aggravated felony, they should have charged him with it. They should have proven it. The record of conviction was not admitted in this case. In fact, although he was charged and removed as an aggravated felon from the   I'm sorry, he was charged with removability as an aggravated felon in 1994. We don't know under what section of the California Penal Code. Things have changed. California Penal Code 11377 is now a divisible offense. It may or may not be an aggravated felony. We don't know what he was charged with. And if remanded, not only may he not, he will be granted pre-hearing voluntary departure should the immigration judge choose to exercise his discretion to do so. Finally, the United States Supreme Court said in 1995 that deportation proceedings must contain the essential standard of fairness. That did not happen here. Mr. Passano has been a permanent resident for 40 years. He has two U.S. citizen parents, one of whom is disabled. He was given two short hearings, denied a continuance, not given his right, not given his advisements as a required undue process clause. Thank you. Thank you both for your argument. This matter will now stand submitted.
judges: T.G. Nelson, Gould, Callahan